■ SONDRA RUTHERFORD, Appellant, v BEE GEE EXCELSIOR MANAGEMENT, INC., Respondent. [750 NYS2d 611] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 14, 2001, which, in an action by a tenant's assignee against a building managing agent to enforce a rent overcharge order issued by the State Division of Housing and Community Renewal (DHCR) dismissed the complaint upon the parties' respective motions for summary judgment, unanimously affirmed, without costs.

It appears that the Rent Administrator's overcharge award identified as owner not only the tenant's landlord, SBT Village Apts., Ltd., the only named respondent in the tenant's rent overcharge complaint, but also the corporation that took ownership of the building in a cooperative conversion that occurred during the pendency of the rent overcharge proceeding. This corporation filed a petition for administrative review (PAR), which resulted in an administrative order that, after holding that the corporation should not have been listed as an owner responsible for the refund of overcharges, "noted that the owner SBT Village Apts. LTD (managing agent Excelsior Management, Inc.) remains responsible for the refund of overcharges." This parenthetical reference to the managing agent, which DHCR twice refused to clarify so as to make the managing agent responsible, and which the IAS court characterized as "gratuitous," cannot serve as the basis for holding the managing agent liable for the refund. If plaintiff believed herself entitled to pursue the managing agent, her remedy was to file a PAR from the Rent Administrator's order naming only the tenant's landlord and the cooperative corporation. Her failure to do so constituted a failure to exhaust administrative remedies foreclosing judicial relief (*see Stone v Goldberg*, 215 AD2d 180). Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.